PeR CueiaM.
 

 This is an action for an assault, battery, and wounding. The venue was changed from Sumner to Smith, and the
 
 record
 
 itself was transmitted to the latter court, with so much only of a transcript as set out the names of the parties, and the order for changing the venue. There was a verdict and judgment in Smith, and writ of error; and the error assigned is, that the original
 
 record
 
 ought not to.have béen transmitted, and that the issues ought not to have been tried upon it.
 

 When a writ of error is brought in the English courts, and, is to be removed from a distant court, the record, together with the transcript, is carried to the upper court by the Chief Justice; and, after being compared, if required, the original record is carried back again by the Chief Justice. 4 Inst. 21; 5 Com. Dig. “ Pleader,” 3, B, 13; Cowp. 843. Or if there be much danger in the removal, as if carried across the sea, then only the transcript is removed. For the same reason, where there is an appeal from the Court of Pleas and Quarter Sessions to the Circuit Court, our act of 1794 directs a
 
 transcript
 
 to be sent. So also in case of a writ of error. Sending up the original record itself, except by a judge or clerk of the court, is liable to the objections stated at the bar, to loss or alteration or withdrawal of part, and substitution of other parts. The papers in the file, without a transcript, will not exhibit a history of
 
 *344
 
 the former proceedings in the canse; the overruling or sustaining * of demurrers, the withdrawal or amendment of pleas, the orders or agreements relative to the admission of depositions or other testimony; orders for the taking of them, and the time prescribed for notice; nor orders for surveying the lands in controversy; nor, in short, any transaction which, though material, the papers in the file will not exhibit. This shows the vast impropriety of sending the original records even by a judge or clerk, and much more so the transmission of them by the plaintiff or defendant, or other person than the judge or clerk, who are confidential officers. Were the practice now to be established for the first time, we would unequivocally condemn the transmission of the originals themselves. But we must not innovate so suddenly as to expose former determinations, many of which are founded upon the reprobated practice, to nullification and reversal. That,evil would be nearly as great as that we are steering clear of. If the clerk will run the risk of sending the original, for which he is both civilly and criminally liable, he acts with exceeding temerity, but not so as to render void or voidable the proceedings of the court. We cannot reverse for this cause, but we believe the clerk would be chargeable with all the consequences, in case of the loss of the whole or of any part of the record, or for any alteration or substitution. The practice of sending the originals ought to be immediately discontinued. If the limitation of writs of error by 1799, ch. 12, be restrictive of writs of error in this court, as well as of other courts in existence when the law passed, still, with respect to
 
 femes covert
 
 and others, disabled persons named in the exception, and also all cases upon which two years have not passed, the danger of reversal is palpable, and must be avoided in establishing rules of practice.
 

 The evidences belonging to each party, except depositions, may be trusted to that party, but the court papers ought never to be out of the custody of the clerk * or judge. Indeed, the clerk, being responsible by his bond for the preservation of the records, seems to be peculiarly the proper officer for this purpose.
 
 Judgment affirmed.
 

 See King’s Digest, 4855
 
 et seq.,
 
 9489; Code, 2843.